**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 10-cv-00982-REB

RANDALL TODD ROYER,

    Applicant,

v.

BLAKE DAVIS,

    Respondent.

## ORDER ON APPLICATION FOR WRIT OF HABEAS CORPUS

**Blackburn, J.**

This matter is before me on the *pro se* **Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** ("Application") [#2][1] filed on April 29, 2010, by Applicant Randall Todd Royer. Respondent filed a **Response** [#13]. Applicant filed a **Reply to Respondent's Response** ("Reply") [#16] and an attachment [#17].

I must and do construe the Application liberally because Applicant is not represented by an attorney. ***See Haines v. Kerner***, 404 U.S. 519, 520 (1972) (per curiam); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). However, I may not be an advocate for a *pro se* litigant. ***See Hall***, 935 F.2d at 1110.

---

[1] "[#2]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

After reviewing the pertinent portions of the record in this case, including the Application, Response, and Reply, I conclude that the Application should be denied.

## I.  BACKGROUND

Applicant is incarcerated at the United States Penitentiary, Administrative Maximum, in Florence, Colorado ("ADX").  Respondent Blake Davis is the Warden of the ADX.  Applicant is serving a sentence pursuant to his conviction in the United States District Court for the Eastern District of Virginia.  Applicant was convicted of aiding and abetting the use and discharge of a firearm during and in relation to a crime of violence, and aiding and abetting the carrying of an explosive during the commission of a felony, for which he was sentenced to 240 months in federal prison.

Applicant was incarcerated previously at the Federal Correctional Institution in Allenwood, Pennsylvania ("FCI - Allenwood"), which is where the events at issue took place.  On his arrival at FCI-Allenwood in 2004, Applicant was informed that he was limited to making one telephone call per month.  See [# 13-6 at 1].  In a July 6, 2005, memorandum, Applicant's case manager at FCI-Allenwood stated that on May 10, 2005, he explained to Applicant that "the restriction that limited him to one (1) telephone call per month was requested initially by the Special Investigation Supervisor's (SIS) Office, and that his Unit Team would now be making the same formal request to the Warden to continue the telephone restriction."  [#13-6].  The case manager stated that Applicant "gave no indication at any time to me that he did not understand the one-call per month limit on his telephone usage would continue."  [#13-6].

On August 2, 2005, Applicant received an Incident Report stating that during the month of June, 2005, he had placed six phone calls to his wife and two phone calls to his parents. The Incident Report states that Applicant said to the parties during the calls, "[t]his is my one phone call for the month." [#13-3 at 1]. After being read his rights and acknowledging that he understood them, Applicant made the following statements: "it expires automatically after 30 days and the unit team is supposed to renew it." "I did make the phone calls but I thought I just had a grace period before they renewed it." "I didn't think I was doing anything wrong." [#13-3 at 2]. The Incident Report concludes that "despite his knowledge he was only authorized to make one phone call per month, [Applicant] took advantage of the ITS system to place eight (8) phone calls during the month of June despite his one call per month restriction." [#13-3 at 1]. In response to the Incident Report, Applicant stated, "[s]ince Unit Team had not renewed the monthly restrictions, I thought the phone restrictions were not in effect." [#13-3 at 1].

The Incident Report was referred to a Disciplinary Hearing Officer ("DHO"). [#13-3 at 1]. Applicant was provided with notice that the charge against him would be heard by a DHO and of his rights at the hearing. [# #13-4, 13-5]. The disciplinary hearing was held on August 11, 2005, at FCI-Allenwood. [#13-6 at 1]. Applicant waived his right to a staff representative and did not request any witnesses at the hearing. [#13-6 at 1]. According to the DHO Report,

> [Applicant] stated [at the hearing], "When I came to this
> institution in September (2004), the SIS instructed me about

3

> the phone restrictions (1 call per month)." [Applicant] continued, "I was told that the restriction would be reviewed every thirty days and [the case manager] told me that the Unit team was going to review it and submit the restriction form every thirty days." [Applicant] stated, "[the case manager] told me they were going to restrict my calls but they never followed though with it, so I used the phone."

[#13-6 at 1]. Documentary evidence introduced at the hearing included the July 6, 2005, memorandum from Applicant's case manager as well as two Inmate Telephone Call Monitoring Reports (""Telephone Monitoring Reports") dated June 15, 2005, and June 16, 2005. Both Telephone Monitoring Reports reflect that at the outset of each phone call Applicant told the person to whom he was speaking that the call was his "one [phone] call for the month." [#13-6 at 2, 6-7]. The DHO Report concluded that the Telephone Monitoring Reports "clearly indicate, [Applicant] having knowledge of his one telephone call per month restriction as he indicates at the beginning of each telephone call. It is the DHO's understanding that [Applicant] is attempting to evade telephone monitoring by making an opening statement as such in an attempt to validate the call he was making." [#13-6 at 2]. After considering the evidence, the DHO found that Applicant had violated "Code 297," a Bureau of Prisons Prohibited Act found at 28 C.F.R. § 541.13 (Table 3). [#13-6 at 3]. As a result, Applicant lost 54 days of good time credit.

Applicant seeks relief in the form of "expungement of the incident report and guilty finding, and the restoration of his good time credits." Application at 2.

## II. DISCUSSION

28 C.F.R. § 541.13 sets forth four categories of Bureau of Prisons Prohibited Acts. Violations in the 100 range are "Greatest Category"; those in the 200 range are "High Category"; those in the 300 range are ""Moderate Category"; and those in the 400 range are "Low Moderate Category." *See* 28 C.F.R. § 541.13 (Table 3). Applicant was charged with a violation of Code 297 (High Category), defined as the "[u]se of the telephone for abuses other than criminal activity, (e.g., circumventing telephone monitoring procedures, possession and/or use of another inmate's PIN number; third-party calling; third-party billing; using credit card numbers to place telephone calls, conference calling; talking in code)." In the "Moderate Category," Code 397 identifies as a prohibited act the "[u]se of the telephone for abuses other than criminal activity (e.g., conference calling, possession and/or use of another inmate's PIN number, three-way calling, providing false information for preparation of a telephone list). In the "Low Moderate Category," Code 497 identifies as a prohibited act the "[u]se of the telephone for abuses other than criminal activity (e.g., exceeding the 15-minute time limit for telephone calls; using the telephone in an unauthorized area; placing of an unauthorized individual on the telephone list)." 28 C.F.R. § 541.13 (Table 3).

In his first claim, Applicant contends that Code 297 is unconstitutionally vague as applied to him. The "void for vagueness" doctrine, which is based in the guarantee of due process, "requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a

manner that does not encourage arbitrary and discriminatory enforcement." ***United States v. Platte***, 401 F.3d 1176, 1189 (10th Cir. 2005) (quoting ***Kolender v. Lawson***, 461 U.S. 352, 357 (1983)); ***see also United States v. Protex Indus., Inc.***, 874 F.2d 740, 743 (10th Cir. 1989). "Whether a court is analyzing a statute as void for vagueness on its face or as applied, the essence of the doctrine is that a potential defendant must have some notice or 'fair warning' that the conduct contemplated is forbidden by the criminal law." ***Protex***, 874 F.2d at 743. Thus, "[o]ne to whose conduct a statute clearly applies may not successfully challenge it for vagueness." ***United States v. Saffo***, 227 F.3d 1260, 1270 (10th Cir. 2000) (quoting ***Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.***, 455 U.S. 489, 495 n.7 (1982)). "[J]udicial review of a penal statute generally is restricted to consideration of the statute as applied to a particular case, provided the statute does not threaten to chill the exercise of constitutional rights." ***United States v. Welch***, 327 F.3d 1081, 1094 (10th Cir. 2003).[2]

Applicant asserts that he could not have reasonably expected that his actions were punishable because they do not correspond to any of the examples listed under Codes 297, 397, or 497, or, alternatively, "that they were prohibited, at most, under the low-level Code 497." Application at 5-6. He states that while he does not deny that he made the eight phone calls, "[n]othing in the record suggests that these were clandestine calls, that Applicant talked in code, that he employed three-way calling, or

---

[2]Applicant has not argued that Code 297 chills any constitutional right.

that he otherwise made an attempt to circumvent the prison's monitoring system." Reply at 7.

"In reviewing prison administrators' decisions, [the court] must refrain from usurping the role of prison administrators while protecting the constitutional rights of inmates." ***Mitchell v. Maynard***, 80 F.3d 1433, 1443 (10th Cir. 1996).  Generally, courts are "extremely deferential" to the decisions made by prison administrators, since "[p]rison administration is . . . a task that has been committed to the responsibility of the [executive and legislative] branches, and separation of powers concerns counsel a policy of judicial restraint."  ***Farmer v. Perrill***, 288 F.3d 1254, 1261 (10th Cir. 2002) (quoting ***Turner v. Safley***, 482 U.S. 78, 85 (1987)).  Here, the DHO expressly found that Applicant's statement at the beginning of the phone calls that the call was his "only [phone] call for the month" indicated an attempt by Applicant to evade telephone monitoring by validating the calls.  The DHO's conclusion regarding the intent of Applicant's statement was an informed and reasonable one, to which I defer.  ***See Farmer***, 288 F.3d at 1261.  Because "circumventing telephone monitoring procedures" is listed as one of the examples of prohibited acts under Code 297, Code 297 clearly applies to Applicant's conduct.  As a result, the rule is not unconstitutionally vague as applied to Applicant.  ***See Saffo***, 227 F3d at 1270.

In his second claim, Applicant's asserts that his right to procedural due process was violated because there was no evidence to support a finding that he violated Code 297.  "In order to comport with due process, there must be some evidence to support

the hearing panel's decision[.]" **Gwinn v. Awmiller**, 354 F.3d 1211, 1219 (10th Cir. 2004).

> [I]n ascertaining whether a factfinder's decision in a prison disciplinary hearing is sufficiently supported by the evidence, a reviewing court need not undertake an "examination of the entire record, independent assessment of witnesses' credibility or weighing of the evidence. Instead, the relevant question is whether there is any evidence that could support the conclusion reached by the disciplinary board."

*Id.* (quoting **Superintendent, Mass. Correctional Inst. v. Hill**, 472 U.S. 445, 455-56 (1985)). "[T]he decision can be upheld even if the evidence supporting the decision is 'meager.' " *Id.* (quoting **Superintendent, Mass. Correctional Inst.**, 472 U.S. at 457).

Here, the DHO found that Applicant knew that he was limited to one call per month, and that his statement during the calls that the call was his only one for the month was an attempt to evade telephone monitoring procedures by validating the calls. The case manager's July 6, 2005, memo and the Telephone Monitoring Reports support these conclusions. Because there was "some evidence" supporting the DHO's determination, Applicant cannot prevail on his second claim. *See Gwinn*, 354 at 1219.

### III. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** [#2] filed on April 29, 2010, by Applicant Randall Todd Royer is **DENIED**; and

2. That this case is **DISMISSED WITH PREJUDICE**.

Dated May 13, 2011, at Denver, Colorado.

                                **BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge